**TAGGED OPINION**



**ORDERED in the Southern District of Florida on February 27, 2007.**

```
                                    _____
                                         A. Jay Cristol, Judge
                                       United States Bankruptcy Court
```
_____

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| BANKEST CAPITAL CORP. | Case No. 04-10941-BKC-AJC |
| Debtor. _____/ | |

### ORDER DENYING BANCO ESPIRITO SANTO INTERNATIONAL, LTD.'S SUMMARY JUDGMENT MOTION

**THIS MATTER** came before the Court on January 22, 2007 at 10:00 a.m. upon the *Motion of Banco Espirito Santo International, Ltd. for Summary Judgment on its Amended Proof of Claim* ("Motion for Summary Judgment") (CP #283). The Court, having heard argument of counsel, having reviewed the file and being otherwise fully advised in the premises, denies the motion for the reasons set forth herein.

### I.    UNDISPUTED FACTS

Bankest Capital Corporation ("BCC"), the Debtor, was the subject of an involuntary

bankruptcy petition filed on February 5, 2004 under Chapter 7 of the Bankruptcy Code. On August 9, 2004, Lewis B. Freeman, as the Receiver of BCC, consented to an order for relief against BCC and immediately converted the case to a case under Chapter 11 of the United States Bankruptcy Code. An order for relief was entered in BCC's involuntary bankruptcy case on August 11, 2004.

On November 17, 2004, the Court entered an order converting the case back to a case under Chapter 7. On November 18th, the United States Trustee appointed Soneet R. Kapila ("Kapila" or "Trustee") as the Chapter 7 Trustee of BCC's estate.

On March 22, 2005, Banco Espirito Santo International, Ltd. ("BESIL") filed a Proof of Claim (Claim No. 26) (the "Initial POC"). One year and five months later on September 5, 2006, BESIL filed its Amended Proof of Claim (Claim No. 35) the ("Amended POC"). The Amended POC was filed after the bar date.[1]

On October 10, 2006, this Court held a hearing in connection with a motion filed in the main bankruptcy case seeking to terminate or modify special litigation counsel's fee arrangement (CP #259) and in connection with the motion to abate or suspend proceedings pending resolution of claims issues filed by Espirito Santo Bank ("Bank") in the adversary proceeding styled *Kapila v. Espirito Santo Bank*, Adv. No. 05-1113-BKC-AJC-A (the "Adversary"). During the course of those proceedings on October 10th, counsel for the Movant sought to introduce into evidence as Exhibit "2" the Amended POC. Counsel for Kapila objected to the introduction of the Amended POC into evidence. The substance of Kapila's evidentiary objection was that the Amended POC was late filed and improper in that it now was predicated upon a contract theory (i.e. – a guarantee) in addition to the tort theory (i.e. – fraud) advanced in the Initial POC. The Court held that an amendment to a proof of claim relates back to the filing date of the original proof of claim even though the amendment asserts a new theory of liability, so long as it arises from the

---

[1] The Amended POC is virtually identical to the Initial POC, except that it adds a paragraph not found in the Initial POC referencing a guarantee.

2

same basic facts as the original proof of claim.[2] Accordingly, the Court overruled the objection and admitted the Amended POC into evidence as BESIL's Exhibit "2".[3]

On December 15, 2006, BESIL filed its *Motion for Summary Judgment* seeking summary judgment with respect to the Amended POC. As of December 15th when BESIL filed its *Motion for Summary Judgment*, and as of the date of this hearing, Kapila had not filed any written claim objection to either the Initial POC or the Amended POC.

BESIL advances alternative theories in support of its requested relief.[4] BESIL contends that Kapila's counsel's unsuccessful efforts to preclude admission into evidence of the Amended POC at the October 10, hearing effectively registered Kapila's objection to the claim. In so doing, Kapila's counsel supposedly put the efficacy of the Amended POC in play. Thus, according to BESIL, Kapila effectively consented to this Court adjudicating, in the context of BESIL's *Motion for Summary Judgment*, the Trustee's alleged objection to BESIL's Amended POC as articulated by Trustee's counsel in the evidentiary objection he made to the entry into evidence of Exhibit "2" on October 10, 2006.

Alternatively, BESIL contends that it may unilaterally create a contested matter, and therefore invoke FRBP 7056, by virtue of simply having moved for summary judgment. That is, BESIL contends that by filing its motion for summary judgment, BESIL has created a "contested matter" as that term is used in FRBP 9014. Therefore, it is entitled to the use of the summary

---

[2] The Court held that "claims once filed are freely amendable, that they may not be amended to state a new cause of action, but they can be amended to state a new theory. That is to say, if there was a claim filed for a million dollars on a promissory note, an amendment to the claim couldn't add a tort injury by an automobile, but it could come back with other theories relative to the facts related to the promissory note." (C.P.#97, at 83) "[C]laims may be amended, but they cannot be amended to bring a new or different claim, only an amendment to the original claim," *id.* at 11, and "there is nothing that prevents a claimant from reducing the amount of a claim…." *Id.* at 21.

[3] "[T]he Court overrules your objections to Documents 2 and 3, and the Court will look at them for whatever value they may have, *subject to a determination somewhere down the line* as to whether or not – at least the portion that relates back to the old claim on the original subject, is enough to get them there and if a portion of them should be just stricken or disregarded because it's a new theory and that's not allowed, the Court will deal with later on." (C.P. #97, at 24 (emphasis added)).

[4] Transcript of January 22, 2007, pg. 19.

3

judgment procedure.

## II.  THERE IS NO CASE OR CONTROVERSY BEFORE THIS COURT UPON WHICH TO ENTER SUMMARY JUDGMENT

### A.  Case Or Controversy Requirement

The power of the federal courts to act is defined by, among other things, the United States Constitution which, in turn, limits the exercise of such judicial power to cases and controversies. *Muskrat v. US*, 219 U.S. 346, 356; 31 S. Ct. 250, 253; 55 L. Ed. 246, 250 (1911).

> It must be alleged that the Plaintiff 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct. [citation omitted]  The injury or threat of injury must be both 'real and immediate' not 'conjectural' or 'hypothetical' [citation omitted]

*O'Shea v. Littleton*, 414 U.S. 488, 494; 94 S. Ct. 669, 676; 38 L. Ed. 2d 674, 683 (1974).

Prior to the decision in *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50; 102 S. Ct. 2858; 73 L. Ed. 2d 598 (1982), at least one bankruptcy court held that, since bankruptcy courts were Title I courts and had broader jurisdiction over proceedings than Title III courts, the case and controversy limitation was inapplicable to bankruptcy courts. *See In re Burckardt,* 8 B.R. 327 (Bankr. D.P.R. 1980).  That position has been rejected by all courts that have spoken on the matter since *Northern Pipeline* based on the notion that bankruptcy courts are statutorily deemed, post *Northern Pipeline,* "units of the district court".  *See In re Kilen*, 129 B.R. 538, 542 (Bankr. N. D. Ill. 1991).

Section 502(a) of the Bankruptcy Code effectively provides that a proof of claim, whether filed before or after the bar date "***is deemed allowed, unless a party in interest…objects***." 11 U.S.C. § 502(a) (emphasis added).  This statute further states that "if such objection to a claim is made", the court should decide the objection after an appropriate notice and hearing.  The clear and simple meaning of such language is that there is nothing for the court to decide about a claim until an objection to the claim has been filed.  *Greentree Acceptance v. Calvert (In re Calvert)*, 907 F. 2d 1069, 1071, n.1 (11th Cir. 1990); *White v. Foremost Financial Services (In re White)*, 908 F. 2d 691, 693-95 (11th Cir. 1990).  As recognized by the court in *In*

4

*re Shaffner*:

> [i]f the trustee is satisfied that the claim as filed is sufficient for purposes of administration, then it is also within her prerogative to ignore its deficiencies and to proceed with administering it as submitted. The important point is that this decision is made outside the context of the *Section 502(b)* claims objection process. Judicial involvement is required only if a creditor or some other party in interest asserts that the trustee has abused her discretion by, for example, refusing to administer a timely proof of claim that clearly conforms with the requirements of *Fed. R. Bankr. P. 3001*.

320 B.R. 870, 878 (Bankr. W. D. Mich. 2005). Thus, absent an objection to claim, there is no case or controversy.

### B. An Evidentiary Objection Does Not A Claim Objection Make

The principal argument advanced by BESIL is that the case or controversy requirement is met by virtue of the Trustee's evidentiary objection at the October 10, 2006 hearing. BESIL's counsel has gone to great lengths to point out to this Court, in detail, all of the things that were said by counsel for the Trustee regarding the basis for the Trustee's evidentiary objection at the October 10th hearing. However, an evidentiary objection is not a claim objection, and BESIL fails to provide any authority that would otherwise indicate it is. *See* FRBP 3007.

Rule 3007, Fed. R. Bankr. P., contains two requirements for claim objections: that the objection be in writing, and that the objection be filed. *Greentree Acceptance,* 907 F. 2d at 1071. Neither requirement was met in this case. The language of the rule is mandatory and the rule is not ambiguous. Rule 3007 leaves no room for interpretation. Here, there has been no written objection, filed or otherwise.

BESIL contends that strict adherence to FRBP 3007 places form over substance and agrees to waive any writing or filing requirements found in FRBP 3007. BESIL's argument is misplaced. The issue is not whether BESIL can, did, or will waive the requirements of Rule 3007, but rather whether an objection to the allowance of the claim has been made in the first instance. The Court finds from a review of the record that no objection to the allowance of

5

BESIL's claim has been lodged. Therefore, the Court rejects BESIL's contention that the statements of Trustee's counsel in support of an evidentiary objection rise to the level of and substitute for a procedurally proper claim objection.

    **C.    Filing A Motion For Summary Judgment Does Not Create A Case Or Controversy That Would Permit The Filing Of A Motion for Summary Judgment**

BESIL's alternative position which it believes supports the filing of the *Motion for Summary Judgment* is that the motion is authorized by Fed. R. Civ. P. 56 as incorporated by FRBP 7056. BESIL contends that, although FRBP 7056 is limited in application to adversary proceedings, FRBP 9014(c) provides that FRBP 7056 (and therefore Fed. R. Civ. P. 56) also applies in contested matters; and, this matter is contested by virtue of the filing of the *Motion for Summary Judgment*.[5] By its very nature, a summary judgment resolves a contested matter. This Court does not believe a contested matter existed prior to the filing of the summary judgment motion that required resolution, and the filing of the summary judgment motion does not create a contested matter.

    **D.    The Movant's Need For Certainty vs. The Trustee's Need For Efficiency**

BESIL has candidly admitted to the Court that it would be helpful to it, and its negotiations for settlement of the Trustee's Adversary against the Bank, if this issue were resolved now rather than later. The Court understands BESIL's need for certainty, but BESIL's quest in this Court is misguided. As the Trustee points out, it is not this Court's obligation to assist one party or another in respect of its settlement position. More importantly however, the basic concept upon which BESIL has predicated its current strategy, that is, that it may forever fix its claim now by virtue of the *Motion for Summary Judgment,* is flawed. Rule 3008, Fed. R. Bankr. P., provides that any party may move for reconsideration of any order allowing or

---

[5]    Transcript of January 22, 2007, pg. 41.

6

disallowing a claim and does not contain any time limits. The requirements found in Fed. R. Civ. P. 59 are not applicable to the reconsideration of claims under FRBP 3008; FRBP 9023, which incorporates Fed. R. Civ. P. 59, expressly excepts FRBP 3008 from its limitations. Thus, even if the Court adopted BESIL's various legal positions, BESIL would not achieve the certainty it desires.

The Trustee has a compelling need to administer the estate of BCC in an efficient manner, but the Trustee's duty to examine claims only arises when "…any purpose would be served thereby…". FRBP 3007, Advisory Committee Note. As the Trustee has made abundantly clear in this case, unless and until he is successful in respect of the Adversary against the Bank, he will not likely be filing any claims objections. Pursuant to 11 U.S.C. § 704(a)(5), the Trustee has the express power to conserve estate resources by refraining from an objection to the allowance of any claim if no "…purpose would be served…". *See also*, *Shaffner*, 320 B.R. at 870. Therefore, for the reasons set forth herein, it is

**ORDERED AND ADJUDGED** that the *Motion of Banco Espirito Santo International, Ltd. for Summary Judgment on its Amended Proof of Claim* (CP #283) is DENIED.

# # #

**Copies furnished to:**
Arthur Halsey Rice, Esq.
RICE PUGATCH ROBINSON & SCHILLER, P.A.
101 N.E. 3rd Avenue, Suite 1800
Fort Lauderdale, FL 33301
Tel. (954) 462-8000
Fax (954) 462-4300

Paul Steven Singerman, Esq.
Berger Singerman, P.A.
200 S. Biscayne Blvd., Suite 1000
Miami, Florida 33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

*Attorney Rice shall serve a copy of this Order upon all interested parties upon receipt and file a certificate of service.*